NEW JERSEY MISCELLANEOUS REPORTS. 503

Supreme Court—National Sheet Metal, &c., Co. v. N. Y. Tel. Co.

## No. 410.

NATIONAL SHEET METAL ROOFING COMPANY, PLAIN-TIFF-APPELLANT, v. NEW YORK TELEPHONE COM-PANY, DEFENDANT-RESPONDENT.

## No. 419.

NATIONAL SHEET METAL ROOFING COMPANY, PLAIN-TIFF-RESPONDENT, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY (IMPLEADED AS PUBLIC SERV-ICE GAS COMPANY), DEFENDANT-APPELLANT.

Submitted October 15, 1926—Decided February 14, 1927—Filed May 16, 1927.

**Negligence—Injury to Property of Plaintiff Through an Explo-sion in a Telephone Conduit—Plaintiff Alleged That Defend-ant Telephone Company's Conduit was Defective and That the Pipes of Defendant Gas Company Were Leaky, but Pro-duced No Evidence to Support the Allegation—The Trial Court Directed Verdict For Telephone Company, but Let Case Against the Gas Company Go to Jury, Which Rendered a Verdict For Plaintiff—Gas Company Appeals From This Verdict, and Plaintiff Appeals From Court's Ruling in Favor of Telephone Company—Held, That the Court Erred in As-suming That the Doctrine of Res Ipsa Loquitur Applied Against the Gas Company, and That the Judgment Against the Gas Company Should be Reversed, and Held, Also, That the Verdict in Favor of the Telephone Company Should be Sustained.**

On appeals from judgments of the Second District Court of Jersey City.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the National Sheet Metal Roofing Company, appellant and respondent, *Insley, Vreeland & Decker* and *Hamilton Cross.*

For the New York Telephone Company, respondent, *Smith & Slingerland.*

For the Public Service Electric and Gas Company, appellant, *Joseph Coult* and *Henry H. Fryling.*

PER CURIAM.

On February 13th, 1923, an explosion occurred in a conduit of the New York Telephone Company, located in Grand street, in the city of Jersey City, opposite the property of the National Sheet Metal Roofing Company. The property is known and designated as Nos. 339-345 Grand street. The National Sheet Metal Roofing Company (hereinafter called the plaintiff) commenced an action against the New York Telephone Company (hereinafter called the Telephone Company) and the Public Service Electric and Gas Company (hereinafter called the Public Service Company) to recover the damages it sustained to its property by reason of the explosion. The suit was instituted in the Second District Court of Jersey City. The state of demand alleged that the conduit of the Telephone Company was defective and that the gas pipes of the Public Service Company were leaky. When the case came before the court for trial (a jury having been summoned) the plaintiff proved the explosion and the damages it sustained. The testimony as to the explosion was to the effect that the street heaved up for a space of approximately ten feet by fifteen feet. The plaintiff produced no evidence that the conduit of the Telephone Company was defective. There was also no evidence offered by the plaintiff that the gas pipes of the Public Service Company were leaky or in bad repair.

Upon the conclusion of the plaintiff's testimony, counsel for the Telephone Company asked the court to grant a nonsuit. The counsel for the Public Service Company made the same motion. The court stated that it would reserve its rulings on these motions until the end of the case.

The Telephone Company then proved by expert witnesses the method of construction of the manhole, where the explosion had apparently taken place. The testimony showed

NEW JERSEY MISCELLANEOUS REPORTS. 505

Supreme Court—National Sheet Metal, &c., Co. v. N. Y. Tel. Co.

that it had been constructed in the year previous to the explosion; that the cables were in good condition after the explosion; that the cover and sides of the manhole were damaged; that the construction employed by the Telephone Company was of the most approved type; that there was not trace of any escaping gas. The Public Service Company then offered the testimony of a witness to the effect that no notice of any seepage or leaking of gas pipes had been brought to the attention of the company. On cross-examination this witness admitted that it might have been one, two or three years since the gas pipes in this part of Grand street had been inspected.

Upon the conclusion of the testimony the counsel for the Telephone Company made a motion for a direction of a verdict for that company. Counsel for the Public Service Company made a similar motion. The court directed the jury to return a verdict in favor of the Telephone Company. In so deciding the court stated that in its opinion it was not a case where the doctrines of *res ipsa loquitur* applied to the Telephone Company. The motion of the Public Service Company was denied and the court permitted the case to go to the jury as against the Public Service Company. The jury returned a verdict against the Public Service Company and in favor of the plaintiff for the sum of $444.60.

The plaintiff has appealed to this court from the ruling of the District Court in directing a verdict in behalf of the Telephone Company. The Public Service Company has appealed to this court from the judgment rendered against it. The cases were tried together. There is but one state of the case. The appeals have been argued together in this court.

The appeal of the Public Service Company (No. 410) will be first considered. The appellant contends, first, that the court erred in its refusal to grant the motion for a direction of a verdict. We think this ground well taken. The doctrine of *res ipsa loquitur* did not apply as the court seemed to think. The principle of this doctrine is that when, through any instrumentality or agency under the management or control of a defendant or his servants, there is an occurrence, in-

jurious to the plaintiff, which, in the ordinary course of things, would not take place if the person in control were exercising due care, the occurrence itself, in the absence of explanation by the defendant, affords *prima facie* evidence that there was want of due care. *Mumma* v. *Easton and Amboy Ry. Co.,* 73 *N. J. L.* 653. In the present case the explosion was in a manhole which was the property of and under the control of the Telephone Company. The Public Service Company could not be held responsible under the doctrine of *res ipsa loquitur* for an occurrence which happened in or on the property of another. *Chalmers* v. *Suburban Telephone Co.,* 66 *Id.* 41.

The ruling was also erroneous because there was no evidence offered by the plaintiff to show negligence on the part of the Public Service Company. Negligence is not presumed. It is a fact that must be proven. *McCombe* v. *Public Service,* 95 *N. J. L.* 188. There was no testimony offered by the plaintiff which showed that the explosion occurred by reason of the leakage of any gas, which leakage the Public Service Company was responsible. While there was evidence that there had been no inspection of the gas pipes of the Public Service Company for some period of time, yet this was not evidence of negligence when there was no proof that any gas had escaped from the mains of the Public Service Company and entered the manhole and caused the explosion. If no gas escaped it made no difference that no inspection had been made. Illuminating and fuel gas is not the only kind of gas which will explode. If gas caused the explosion in the manhole it may have come from an entirely different source than the mains of the Public Service Company.

In his charge to the jury the trial judge used the following language:

"If, on the other hand, you feel the plaintiff has produced sufficient facts, you bring in your verdict against the defendant. The two questions you have got to consider are these: If you are satisfied by all the proof in the case from the plaintiff that the happening of this accident speaks of itself negligence on the part of the Public Service Corporation, and

if you are satisfied by the defense that the happening of the accident was not by the negligence of the defendant company, Public Service Corporation, then you can find and determine in favor of the defendant.

"If, on the other hand, you decide that the doctrine of *res ipsa loquitur* applies, you apply the law of negligence and you say: Did the plaintiff prove his case under this case as I cited to you, Chalmers *v.* Suburban Telephone Company? In that case, which is almost the same as this, the court said it became necessary for the plaintiff to show that the gas did escape into this conduit and did cause this explosion and cause the injury to the plaintiff. Now, if you don't find any evidence in this case that the gas did escape, or that there is no evidence that the gas did escape, why, you have a perfect right to say that this accident did not happen either by the doctrine of *res ipsa loquitur* or by the doctrine of ordinary proof in a tort action, based upon negligence, and can find a verdict for the defendant Public Service Corporation."

To this portion of the charge an exception was taken. Whether or not the doctrine of *res ipsa loquitur* applied was a question of law for decision by the court and not a question for the determination of the jury. The portion of the charge above quoted is erroneous in this respect.

These views lead to a reversal of the judgment against the Public Service Company.

With reference to the appeal of the plaintiff below from the direction of a verdict in favor of the Telephone Company we have reached the conclusion that it was properly directed. We do not consider that it is necessary to consider whether the doctrine of *res ipsa loquitur* was applicable under the circumstances because the proofs offered by the Telephone Company and hereinbefore referred to so completely rebutted any inference of negligence arising from the occurrence (assuming an inference of negligence) that there was no evidence on the part of the plaintiff which justified the submission of the case to the jury upon the completion of the proofs offered by the Telephone Company.

The judgment rendered in favor of the Telephone Company is affirmed.